```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

```
DONTAE LEVAR SATCHEL,            :

     Petitioner,                 :

v.                               :    CIVIL ACTION 12-0374-CB-M

WARDEN PATTERSON, et al.,        :

     Respondent.                 :
```

REPORT AND RECOMMENDATION

This is an action by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed, without prejudice, for Satchel's failure to prosecute this action and comply with the Court's Orders.

Petitioner is an Alabama prison inmate who filed a Complaint in the United States District Court for the Northern District of Alabama on April 26, 2012 (Doc. 1). That Court interpreted the Complaint to be made pursuant to 42 U.S.C. § 1983 and, on June 5, 2012, transferred the action to this Court (Docs. 3, 8-9).

On June 6, 2012, this Court ordered Satchel to "complete and file this Court's form for a complaint under 42 U.S.C. §

1983 and for a Motion to Proceed Without Prepayment of Fees" no later than July 6, 2012 (Doc. 10).  Petitioner was cautioned that failure to comply would "result in the dismissal of this action for failure to prosecute and to obey the Court's Order" (Doc. 10, p. 1).  The appropriate forms were sent along with the Order for Satchel's convenience (see Doc. 10).

In an Order entered on July 10, 2012, the Court noted that Satchel had filed some financial papers but had filed neither the motion to proceed without prepayment of fees nor the § 1983 form (Doc. 12).  Noting that his original complaint sought release from prison, which is more in the nature of a habeas action than one brought under § 1983, Petitioner was ordered to file either a complaint under § 1983 or 28 U.S.C. § 2254 as well as a motion to proceed without prepayment of fees no later than July 30, 2012. (Doc. 12).  Satchel was again warned of the consequences of failing to prosecute and obey the orders of the Court (Doc. 12, pp. 1-2).  All three forms were sent to Petitioner along with the Order (*see* Doc. 12).

On August 8, 2012, noting that he had once again filed a non-responsive pleading, this Court ordered Petitioner to complete either a complaint under 42 U.S.C. § 1983 or a § 2254 petition; in addition, Petitioner was ordered to file a motion to proceed without prepayment of fees (Doc. 15).  Satchel was

told that he would be given one more opportunity and again cautioned to do as he had been ordered (Doc. 15, pp. 1, 2). Again, all three forms were provided with the Order for Petitioner's convenience (see Doc. 15).

On August 21, 2012, Satchel filed both forms; however, both were incomplete (Docs. 17-18). More specifically, neither form set out any cognizable claim, failing to provide the Court with a path for proceeding. The Court also notes that Petitioner has still failed to file a motion to proceed without prepayment of fees.

On September 5, 2012, Satchel filed a pleading entitled "Subject of Standard Review Brief" which has language sounding like claims relative to a § 2254 petition; the document is dated April 12, 2012, before this action was even filed (Doc. 19). Even so, the pleading falls well short of providing the Court with direction. This pleading, along with others filed by Petitioner since this action has been in this Court (see Docs. 11, 14-15), is non-responsive.

The Court notes that the United States Supreme Court, in *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962), held that Rule 41(b) does not restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution. In this action, Plaintiff has been given ample and sufficient

opportunities to file a proper pleading setting out his claims and relief sought and a motion to proceed *in forma* pauperis; nevertheless, he has failed to do so.

Therefore, due to Plaintiff's repeated failure to prosecute this action and comply with the Court's Orders, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, as no other lesser sanction will suffice.  It is further recommended that judgment be entered in favor of Respondent, Warden Patterson, *et al.*, and against Petitioner Dontae Levar Satchel.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's

Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 7th day of September, 2012.

                                s/BERT. W. MILLING, JR.
                                UNITED STATES MAGISTRATE JUDGE